UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ARLYNN ABRAMSON,

                              Plaintiff,                **ORDER**
                                                                          CV 07-2546 (TCP)(ARL)
       -against-

MAUREEN FLAHERTY, et al.,

                              Defendants.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's motion to compel the defendants to produce certain personnel records and the defendants' opposition and cross-motion for a protective order concerning the same records. The records at issue are the personnel records of five former-employees of the defendant school district, as well as the records of the defendant Maureen Flaherty, who is the Superintendent of the Massapequa Union Free School District. For the reasons set forth below, the defendants' motion is granted in part.

      The plaintiff, Arlynn Abramson ("Abramson"), commenced this action on June 25, 2007, alleging violations of the First and Fourteenth Amendments. Specifically, Abramson claims that the defendant Flaherty engaged in "unwarranted and sexually inappropriate conduct with Plaintiff and other female subordinates." *See* Nicaj letter at 1. Abramson also claims that "Flaherty attempted to force Plaintiff to leave the School District 'as part of a pattern and practice of forcing the resignation of Jewish administrators and/or teachers." *Id.;* Complaint at ¶ 19. Finally, Abramson claims that the defendant Charles Sule threatened to terminate the plaintiff if she discussed with anyone the alleged sexual abuse of students by Peter Katcher, one of the teachers at the school district. Complaint at ¶¶ 7-8. In connection with these allegations, Abramson now seeks to compel the defendants to provide her with copies of Flaherty and Katcher's personnel files, as well as the files of four former Jewish employees of the District. The defendants contend that the personnel files are irrelevant and implicate privacy interests.

      While it is true that personnel records are often afforded special protection from discovery because they contain confidential personal information, the court must nonetheless weigh the privacy concerns of individual non-parties against the needs of the discovering party. *See Obiajulu v. City of Rochester,* 166 F.R.D. 293 (W.D.N.Y. 1996)*; see also Kelly v. City of New York,* 2003 U.S. Dist. LEXIS 2553 * 10 (S.D.N.Y. 2003)(citing *U.S. v. Amodoe,* 71 F.3d 1044 (2d Cir. 1995)). In doing so, the court first considers the records of the four former Jewish employees. The basis of the plaintiff's belief that these records are relevant appears to be limited to the fact that the employees are Jewish and no longer working for the District. The plaintiff has not set forth any basis for her belief that they were "forced out." Accordingly, the plaintiff has

not satisfied the court, at this time, that her need for the personnel files outweighs the potential injury that disclosure may cause.

The court also agrees that Peter Katcher's personnel file is irrelevant. The plaintiff's contention is that she was impermissibly forbidden to discuss what she already knew of Mr. Katcher's conduct. Information concerning Katcher's actual conduct, the type of information that may be in the personnel file, is thus, irrelevant to the plaintiff's claim. Said information, would be discoverable only if the defendants contention was that the information known to plaintiff was false or mistaken. In the absence of further clarification, the defendants' motion for a protective order is granted with respect to Peter Katcher's personnel file.

With respect to the file of Maureen Flaherty, the court will conduct an *in camera* review of any complaints or disciplinary matters contained within Flaherty's personnel file to determine their relevance to this action. The defendants shall submit the noted portion of Maureen Flaherty's personnel file to the court for *in camera* review by April 23, 2008

Dated: Central Islip, New York          **SO ORDERED:**
       April 15, 2008

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge